## GULF & S. I. R. Co. *v.* DIXON.

### [71 South. 906—70 South. 898.]

1. CARRIER. *Carriage or passengers. Special trains.*

   Where it was the custom of a railroad company to annually run an excursion train which always stopped on flag at a certain station to take on passengers, and no notice was given to the public that the custom would be changed. In such case by the course of business and established custom plaintiff had a right to take passage on such train and when he was denied this right, he had a cause of action against the company.

2. SAME.

   In such case secret orders to the conductor by the company was not notice to plaintiff or the public that a change of the custom had been made.

APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

On suggestion of error. Suggestion of error sustained. Former opinion reversed and judgment for plaintiff affirmed.

For former opinion see 70 So. 898.

*T. J. Willis,* for appellant.

*Nobles & Cantwell* and *G. G. Lyell,* for appellee.

COOK, P. J., delivered the opinion of the court.

The suggestion of error, we think, should be sustained. The evidence that the excursion train was always stopped at the station in question since the excursions were put on by the railroad company is not disputed. So, it appears, that it was the annual custom of the company to run an excursion train to Jackson, and this train always stopped, on flag, at this station, to take on passengers. This was the custom established by the course of business adopted by the common carrier. There was no notice given to the public that the custom would be changed. By the course of business and the established custom, appellee had a right to take passage on the train, and when he was denied this right he had a cause of action against the company. By the theretofore unvarying custom he was invited to take passage on this particular train, and the secret orders to the conductor was not notice to him that a change of the custom had been made.

*Affirmed.*